IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PACIFIC STOCK, INC., | ) | CIVIL NO. 11-00423 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART DEFENDANT'S |
| vs. | ) | MOTION TO DISMISS COMPLAINT |
| | ) | |
| PEARSON EDUCATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS COMPLAINT

I.       INTRODUCTION.

        Plaintiff Pacific Stock, Inc. ("Pacific Stock"),

alleges that Defendant Pearson Education, Inc. ("Pearson"), has

infringed on Pacific Stock's copyrights in photographs.  Pacific

Stock licensed the use of those photographs in educational

materials that Pearson said it planned to publish, but, according

to Pacific Stock, Pearson exceeded the terms of the licenses.

Indeed, Pacific Stock claims that Pearson intended to exceed

those terms even at the time Pearson sought the licenses.

Pacific Stock asserts claims for copyright infringement, fraud,

and fraudulent concealment.  The court GRANTS IN PART and DENIES

IN PART Pearson's motion to dismiss.

II.      BACKGROUND.

        Pacific Stock is a photo stock agency incorporated in

Hawaii.  It manages photographs and copyright registrations for a

number of photographers.  Compl. ¶¶ 1, 5, ECF No. 1.  Pacific

Stock represents the photographers whose pictures are at issue in this case and says it has written assignments of the copyrights of the subject photographs. Id. ¶ 6. According to Pacific Stock, the assignments include assignments of the photographers' rights to pursue all claims relating to the photographs and their copyrights. Id. As a part of its business, Pacific Stock licenses the photographs to other users, including Pearson. Id. ¶¶ 5, 11.

Pearson, a Delaware corporation, publishes educational materials. Id. ¶¶ 2, 8. Its publications are sold under a variety of brand names and are distributed to retail bookstores, online bookstores, wholesalers, government entities, schools, and other consumers. Id. ¶¶ 9-10.

Pacific Stock alleges that it has permitted the limited use of certain photographs by Pearson in its educational materials. Id. ¶ 11. It says it has given Pearson and its various parents, subsidiaries, and predecessors over 150 licenses that restrict matters such as the type of media in which a photograph may be used, the length of time that the photograph may be used, and the number of times the photograph may be used. Id. ¶¶ 11-12. Pacific Stock allegedly based the restrictions and information in the license agreements, as well as the license fees, on representations made by Pearson as to how it intended to use the photographs. Id. ¶¶ 13-14.

Pacific Stock alleges that Pearson deliberately understated the duration of its intended use, the print run volume, the format or size in which the photographs would be used, and the geographic scope of the intended use. Id. ¶ 16. Pacific Stock says that, as a result, Pacific Stock charged Pearson less than it otherwise would have charged in licensing fees. Id. ¶ 17. Pacific Stock further alleges that Pearson induced it to believe that Pearson would seek new licenses if its use of the photographs changed, and that Pearson concealed its intent to exceed the license limitations. Id. ¶¶ 18-19.

Pacific Stock attaches as Exhibit "A" to its Complaint a spreadsheet with information about 151 photographs it allegedly licensed to Pearson. The spreadsheet includes image identification numbers; copyright registration numbers; intended project, media, or text names; intended print runs; image sizes; and the names of Pearson representatives who provided such information. See Exhibit "A" to Compl., ECF Nos. 1-2, 1-3.

Pearson now moves to dismiss the Complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure and for failure to plead the fraud claims with particularity as required by Rule 9(b). The court GRANTS the motion only with respect to licenses for periods that had not expired at the time the Complaint was filed, and only with respect to claims that Pearson is liable for

the copyright infringement and fraud claims asserted in the First
and Second Causes of Action based on use of the photographs
beyond the periods allowed by those licenses.  The court DENIES
the motion as to all other claims, including the fraudulent
concealment claim asserted in the Third Cause of Action and the
claims in the First and Second Causes of Action relating to
unexpired licenses to the extent those claims are not based on
the duration of Pearson's alleged use of the licensed
photographs.

III.    STANDARD.

Under Rule 12(b)(6), a court is generally limited to
reviewing the contents of the complaint.  Sprewell v. Golden
State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v.
Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996).  If matters
outside the pleadings are considered, the Rule 12(b)(6) motion is
treated as one for summary judgment.  See Keams v. Tempe Tech.
Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997); Anderson v.
Angelone, 86 F.3d 932, 934 (9th Cir. 1996).  However, courts may
"consider certain materials--documents attached to the complaint,
documents incorporated by reference in the complaint, or matters
of judicial notice--without converting the motion to dismiss into
a motion for summary judgment."  United States v. Ritchie, 342
F.3d 903, 908 (9th Cir. 2003).  Documents whose contents are
alleged in a complaint and whose authenticity is not questioned

by any party may also be considered in ruling on a Rule 12(b)(6)
motion.  See Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006);
Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

On a Rule 12(b)(6) motion to dismiss, all allegations
of material fact are taken as true and construed in the light
most favorable to the nonmoving party.  Fed'n of African Am.
Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir.
1996).  However, conclusory allegations of law, unwarranted
deductions of fact, and unreasonable inferences are insufficient
to defeat a motion to dismiss.  Sprewell, 266 F.3d at 988.
Additionally, the court need not accept as true allegations that
contradict matters properly subject to judicial notice or
allegations contradicting the exhibits attached to the complaint.
Id.  Dismissal under Rule 12(b)(6) may be based on either:
(1) lack of a cognizable legal theory, or (2) insufficient facts
under a cognizable legal theory.  Balistreri v. Pacifica Police
Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v.
Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.
1984)).

To survive a Rule 12(b)(6) motion to dismiss, factual
allegations must be enough to raise a right to relief above the
speculative level, on the assumption that all the allegations in
the complaint are true even if doubtful in fact.  Bell Atl. Corp.
v. Twombly, 550 U.S. 544, 555 (2007)).  Accord Ashcroft v. Iqbal,

5

129 S. Ct. 1937, 1949 (2009) (Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal citations omitted). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

Usually, a party's pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).[1] However, Rule

_____

[1] The Ninth Circuit has recently stated,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be

9(b) requires that, when fraud or mistake is alleged, "a party

must state with particularity the circumstances constituting

fraud or mistake.  Malice, intent, knowledge, and other

conditions of a person's mind may be alleged generally."  Fed. R.

Civ. P. 9(b).  A court treats a motion to dismiss under Rule 9(b)

like a motion to dismiss under Rule 12(b)(6):

> A motion to dismiss a complaint or claim
> "grounded in fraud" under Rule 9(b) for
> failure to plead with particularity is the
> functional equivalent of a motion to dismiss
> under Rule 12(b)(6) for failure to state a
> claim.  If insufficiently pled averments of
> fraud are disregarded, as they must be, in a
> complaint or claim grounded in fraud, there
> is effectively nothing left of the complaint.
> In that event, a motion to dismiss under Rule
> 12(b)(6) would obviously be granted.  Because
> a dismissal of a complaint or claim grounded
> in fraud for failure to comply with Rule 9(b)
> has the same consequence as a dismissal under
> Rule 12(b)(6), dismissals under the two rules
> are treated in the same manner.

Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir.

2003).

IV.  ANALYSIS.

    A.   Pacific Stock Sufficiently Articulates A Claim Of
        Copyright Infringement Except As To Infringement
        Based On Duration Of Licenses That Had Not Expired
        As Of June 30, 2011.

Pacific Stock alleges that Pearson infringed Pacific

---

subjected to the expense of discovery and
continued litigation.

Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Stock's copyrights by using copyrighted photographs in a manner exceeding the terms of the licenses granted by Pacific Stock.

There are two elements to a claim for copyright infringement: a plaintiff must allege (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original.  <u>Funky Films, Inc. v. Time Warner Entm't Co., L.P.</u>, 462 F.3d 1072, 1076 (9th Cir. 2006).  A claim for breach of a license agreement requires allegations that the defendant exceeded the scope of its licensed use.  <u>See</u> <u>S.O.S., Inc. v. Payday, Inc.</u>, 886 F.2d 1081, 1087-88 (9th Cir. 1989).

       1.    Pacific Stock Sufficiently Alleges Ownership Of A Valid Copyright.

Pacific Stock alleges that it holds valid copyrights to all of the photographs listed in Exhibit "A."  Pearson challenges the validity of the copyrights for photographs registered as included in compilations.  Pearson argues that such registrations do not always give rise to copyrights in individual works included in the compilations.  Pearson does not appear to challenge the validity of the copyrights for individually registered photographs.

A registered copyright is generally a precondition to a copyright infringement claim.  <u>See</u> 17 U.S.C. § 411.  To be afforded the protection of federal copyright laws, the holder of a valid copyright may register the copyright with the United States Copyright Office.  <u>See</u> 17 U.S.C. § 408.  Such a

8

registration creates a rebuttable presumption of validity:

> In any judicial proceedings the certificate
> of a registration made before or within five
> years after first publication of the work
> shall constitute prima facie evidence of the
> validity of the copyright and of the facts
> stated in the certificate.  The evidentiary
> weight to be accorded the certificate of a
> registration made thereafter shall be within
> the discretion of the court.

17 U.S.C. § 410(c).  "A certificate of copyright registration,

therefore, 'shifts to the defendant the burden to prove the

invalidity of the plaintiff's copyrights.'" Entm't Research

Grp., Inc. v. Genesis Creative Grp., Inc., 122 F.3d 1211, 1217

(9th Cir. 1997) (quoting Masquerade Novelty, Inc. v. Unique

Indus., Inc., 912 F.2d 663, 668 (3d Cir. 1990)).  "An accused

infringer can rebut this presumption of validity, however.  To

rebut the presumption, an infringement defendant must simply

offer some evidence or proof to dispute or deny the plaintiff's

prima facie case of infringement." Id. at 1217-18 (internal

citations omitted).

Pearson challenges the validity of the compilation

copyrights because they do "not necessarily extend to the

individual components of that compilation." Def. Pearson

Education, Inc.'s Mot. to Dismiss Compl. 7, ECF No. 11-1

("Motion").  Pearson cites three district court decisions for the

proposition that claimants do not have valid copyrights for

individual works registered only as parts of compilations of

various artists.  Pearson notes that one of Pacific Stock's allegedly infringed works was registered as a part of a compilation of the works of 33 artists.  <u>See</u> <u>id.</u> at 8; Exhibit "A" to Mot., ECF. No. 11-3.  Pearson argues that the copyright registration does not contain identifiable information for the individual works in the compilation and therefore does not satisfy a "precondition to suit."  Motion at 8-9, ECF No. 11-1.

As Pacific Stock does not challenge the authenticity of the compilation registration Pearson refers to, and as it is the type of publicly filed document that a court may take judicial notice of, the court considers the document without deeming the present motion to be one for summary judgment.  It is, however, not clear that the document goes toward rebutting the presumption of validity of the copyright in that particular photograph.  The relevance of the compilation registration depends on what the law requires, and Pearson does not meet its burden as the moving party of establishing what the law requires.  Indeed, the very issue of what the law requires in this context is currently pending before the Ninth Circuit in <u>Alaska Stock, LLC v. Houghton Mifflin Harcourt Publ'g Co.</u>, No. 10-36010 (9th Cir., filed Mar. 26, 2009).  The decision in that case may lend clarity to this issue, but, in the meantime, this court has no controlling law requiring it to dismiss as inadequately pled infringement claims involving the kind of compilation registrations Pearson

challenges.

The Copyright Act provides that an "application for copyright registration shall be made on a form prescribed by the Register of Copyrights and shall include" such information as the name of the author and the title of the work.  17 U.S.C. § 409. Section 411 relaxes the requirements of § 409 in some respects. It provides:

> A certificate of registration satisfies the requirements of this section and section 412, regardless of whether the certificate contains any inaccurate information, unless--
>
> > (A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and
> >
> > (B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration.

17 U.S.C. § 411(b).

The Copyright Act does not specifically address the registration of a work included in a compilation, but the Copyright Office has provided guidance on this subject.  The Compendium of Copyright Office Practices II advises potential applicants that "the application should name the author of the collective work," but that "[t]he names of the individual authors of separate contributions being registered as part of the claim need not be given on the application."  Compendium II: Copyright Offices Practices § 615.06, <u>available at</u>

http://ipmall.info/hosted_resources/CopyrightCompendium/chapter_0600.asp (last visited Jan. 10, 2012).[2] "If the work being registered was created by a large number of authors, the application will be considered acceptable if it names at least three of those authors, followed by a statement such as 'and [number] others.'" Id. § 615.07(b)(3).

Pacific Stock says that, with the guidance of the Copyright Office, it filed continuation sheets in all of its registrations of compilation works to reflect each component work's title and author. See Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss Compl. 14, ECF No. 27 ("Opposition"); Declaration of Barbara Brundage ¶ 13, ECF No. 27-1. While the continuation sheets appear to be materials the court can take judicial notice of on this motion to dismiss, the declaration that Pacific Stock submits as evidence of its reliance on advice by the Copyright Office is not. Even without relying on material that would have the effect of converting the present motion to dismiss to a motion for summary judgment, this court concludes that Pearson does not establish that the court should dismiss claims involving photographs included in compilations on the ground that Pacific Stock lacks valid copyrights for those photographs. Again,

_____

[2] The official version of Compendium II: Copyright Office Practices is normally available at the United States Copyright Office's website at http://www.copyright.gov/compendium/. However, according to the website, the publication has been taken down as of October 2011 while it is being revised.

Pearson simply does not show what the law requires for such works.[3]

> 2. Pacific Stock Sufficiently Alleges That Pearson Exceeded The Scope Of Licenses Except To The Extent The Allegations Concern The Duration Of Use For Photographs Covered By Licenses That Had Not Expired As Of June 30, 2011.

The court turns now to the sufficiency of Pacific Stock's allegations that Pearson copied photographs in a manner exceeding the licenses.  "A licensee infringes the owner's copyright if its use exceeds the scope of its license." S.O.S., Inc., 886 F.2d at 1087 (citing Gilliam v. Am. Broadcasting Cos. Inc., 538 F.2d 14, 20 (2d Cir. 1976)).  "The license must be construed in accordance with the purposes underlying federal copyright law.  Chief among these purposes is the protection of the author's rights.  We rely on state law to provide the canons of contractual construction, but only to the extent such rules do not interfere with federal copyright law or policy." Id. at 1088 (internal citations omitted).

Pacific Stock alleges that "Pearson has misappropriated

_____

[3] Pacific Stock further argues that, even if it erred in omitting the names of the authors and other identifying information and its registrations are deficient, § 411(b), which, as noted above, relaxes the registration requirement in certain respects, protects its registrations as valid.  But see Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co., 712 F. Supp. 2d 84, 95 (S.D.N.Y. 2010) (the innocent error rule does not confer copyright registration on component works registered as a compilation).

and infringed the copyrights of Pacific Stock . . . by using the

photographs in a manner in excess of and/or not permitted by the

license agreements with Pacific Stock."  Compl. ¶ 27, ECF No. 1.

Pacific Stock alleges upon information and belief that

> Pearson has engaged in a practice of paying
> license fees to photographers and/or
> photographers' agents to obtain licenses to
> use specific photographs for a specific
> duration and for a specific number of print
> runs of a specific textbook that Pearson
> publish[es].  Pearson then used the
> photographs beyond the scope of the licenses
> it purchased without providing any notice or
> obtaining any authorization to exceed the
> licensed use.  Pearson has engaged in a
> practice of violating the licenses by, inter
> alia, using the licensed photographs in books
> that were printed significantly in excess of
> the print run authorized by the license
> and/or by using the licensed photographs in
> books published after the dates of
> publication permitted by the license and/or
> by using the licensed photographs in various
> media not included in the licenses granted to
> Pearson, and beyond the geographic scope of
> the licenses granted to Pearson.

Id. ¶ 16.

Pearson argues that Pacific Stock is required to allege

the precise manner in which it exceeded each license.  This court

is not persuaded that all of Pacific Stock's allegations of

copyright infringement are insufficient.  The Complaint alleges

specific ways in which the licenses were exceeded.  Numerous

details for each license are set forth in the spreadsheet

attached to the Complaint.  While the allegations use "and/or,"

the alleged violations are related and refer to identified

licenses in Pearson's possession.  Pearson may, in an abundance
of caution, assume that it is being accused of violating each
license in every way identified.

Pacific Stock's reliance on "information and belief"
does not on its own bar any claim.  In at least one case cited by
both Pearson and Pacific Stock, the district court allowed
copyright infringement claims to proceed, even when asserted "on
information and belief."  See, e.g., Bean v. Pearson Educ., Inc.,
No. CV 11-8030-PCT-PGR, 2011 WL 1882367, *12-13 (D. Ariz. May 17,
2011) (holding that allegations "upon information and belief" are
sufficient so long as the alleged facts make the complaint
plausible on its face).  Pacific Stock has done more than just
recite as a formula the mere elements of a claim.  It has
identified works allegedly infringed, the manners in which the
licenses were allegedly breached, and the plausible ways in which
it was damaged.  Going forward, Pacific Stock will have to flesh
out its copyright infringement claim and more particularly
describe each actual act of infringement.  However, at this
point, Pacific Stock has sufficiently stated a copyright
infringement claim, with a limited exception.

The limited exception concerns licenses with a duration
that had not expired when the Complaint was filed on June 30,
2011.  Pearson argues that it could not have exceeded the
licensed duration for use of those photographs.  The court agrees

with Pearson that, given the lack of factual allegations in the copyright infringement claim that explain how the duration could have been exceeded, the allegations that the duration of those licenses was exceeded do not state a claim. The court therefore grants the motion as to Pacific Stock's claims for copyright infringement based on the alleged exceeding of the duration of licenses that had not expired as of June 30, 2011. In all other respects, the motion to dismiss the copyright infringement claim is denied.

        B.    Pacific Stock Sufficiently Articulates A Claim Of Fraud, Except As To Fraud Based On The Duration Of <u>Licenses That Had Not Expired As Of June 30, 2011.</u>

Pacific Stock asserts that Pearson engaged in fraudulent conduct by misrepresenting how it intended to use the photographs licensed by Pacific Stock. Pearson moves to dismiss the fraud claim on the ground that it was not pled with the particularity required by Rule 9(b).

To survive a motion to dismiss, a plaintiff must allege that (1) false representations were made by the defendant, (2) with knowledge of their falsity (or without knowledge of their truth or falsity), (3) in contemplation of plaintiff's reliance upon them, and that (4) plaintiff detrimentally relied on them. <u>Hawaii's Thousand Friends v. Anderson</u>, 70 Haw. 276, 286, 768 P.2d 1293, 1301 (1989). The circumstances constituting the alleged fraud must be pled with particularity. Fed. R. Civ. P. 9(b).

16

Rule 9(b)'s purposes are to provide defendants with adequate
notice to allow them to defend against a charge, to protect those
whose reputation would be harmed by an accusation of fraud, and
to prohibit plaintiffs from unilaterally imposing upon the court,
the parties, and society social and economic costs without some
factual basis. <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1125
(9th Cir. 2009).

An allegation of fraud is sufficient if it "identifies
the circumstances constituting fraud so that the defendant can
prepare an adequate answer from the allegations." <u>Neubronner v.</u>
<u>Milken</u>, 6 F.3d 666, 672 (9th Cir. 1993) (internal citations and
quotations omitted). To sufficiently identify the circumstances
that constitute fraud, a plaintiff must identify such facts as
the times, dates, places, or other details of the alleged
fraudulent activity. <u>Id.</u> A plaintiff must plead these
evidentiary facts and must explain why the alleged conduct or
statements are fraudulent:

> Averments of fraud must be accompanied by
> "the who, what, when, where, and how" of the
> misconduct charged. <u>Cooper v. Pickett</u>, 137
> F.3d 616, 627 (9th Cir. 1997) (internal
> quotation marks omitted). "[A] plaintiff
> must set forth more than the neutral facts
> necessary to identify the transaction. The
> plaintiff must set forth what is false or
> misleading about the statement, and why it is
> false." <u>Decker v. GlenFed, Inc. (In re</u>
> <u>GlenFed, Inc. Sec. Litig.)</u>, 42 F.3d 1541,
> 1548 (9th Cir. 1994).

<u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir.

2003). Allegations of fraud based on information and belief do not satisfy Rule 9(b) if the factual bases for the belief are not included. <u>Neubronner</u>, 6 F.3d at 672.

Pacific Stock pleads fraud with particularity, except as to Pearson's alleged misrepresentations as to the duration of its use of photographs covered by licenses that had not expired as of the filing of this lawsuit.

> 1. Pacific Stock Alleges That Pearson Made False Representations.

Pacific Stock adequately pleads the first element of a fraud claim, i.e., that Pearson made false representations. As for the "who" and "when," Pacific Stock alleges, "The individuals making such representations are those identified in the column entitled 'Pearson Contact' on Exhibit[] A attached hereto. Such representations were made immediately prior to the invoice dates set forth in the 'Invoice Date' column on Exhibit A attached hereto." Compl. ¶ 37, ECF No. 1. These allegations, read in conjunction with the information provided in Pacific Stock's Exhibit "A," identify which Pearson representatives made the allegedly fraudulent statements memorialized in the various license agreements and when such statements were made.

With respect to the "what," Pacific Stock alleges:

> Pearson knowingly and intentionally falsely
> represented to Pacific Stock the intended
> print-runs for the licensed photographs it
> obtained from Pacific Stock, the duration of
> the time during which it would use Pacific

> Stock's licensed photographs, the intended
> geographic distribution, and the intended
> limitations on the media in which the
> photographs would be used.

Compl. ¶ 38, ECF No. 1. Pacific Stock alleges that the misrepresentations were made "for the purpose of paying lower license fees to Pacific Stock than would have been required if full disclosure of the intended uses had been made." Id. ¶ 37.

The allegations of fraud are pled in the conjunctive. That is, as written, the fraud claim alleges misrepresentation by Pearson in four respects. The court notes that Rule 9(b)'s particularized pleading requirement may be relaxed when "facts constituting the circumstances of the alleged fraud are peculiarly within the defendant's knowledge or are readily obtainable by him." Neubronner, 6 F.3d at 672. That is, "with respect to matters within the opposing party's knowledge," a plaintiff "can not be expected to have personal knowledge of the relevant facts." Id. (citations omitted). Pacific Stock alleges misrepresentations in the form of statements allegedly made by Pearson representatives and memorialized in the license agreements issued by Pacific Stock to Pearson. Pearson has records indicating whether it exceeded the licenses and, if so, how.

The fraud allegations, which assert that Pearson intended a greater use of copyrighted material than the use it described to Pacific Stock, identify the photographs Pearson

19

planned to use; the names of the Pearson contact persons who described Pearson's intended use; the dates those persons provided those descriptions; the form, print run, dates, and image sizes Pearson said it had in mind; and the licensing fees Pacific Stock charged based on those descriptions. These allegations are sufficient to allege that misrepresentations were made.

> 2.   Pacific Stock Alleges That Pearson Knew The Statements Were False.

With respect to the second element (knowledge of the falsity of the statements), Pacific Stock alleges that Pearson was motivated by a desire to minimize the licensing fees it had to pay Pacific Stock and knew that the more restricted the use of a licensed work, the lower the fee. Pacific Stock alleges:

> 37.   Pearson made false representations to Pacific Stock concerning its intended use of the photographs that it sought to license from Pacific Stock. Such representations were done knowingly and intentionally and for the purpose of paying lower license fees to Pacific Stock . . . .
>
> 38.   Among other things, Pearson knowingly and intentionally falsely represented to Pacific Stock the intended print-runs for the licensed photographs it obtained from Pacific Stock, the duration of time during which it would use Pacific Stock's licensed photographs, the intended geographic distribution, and the intended limitations on the media in which the photographs would be used.

Compl. ¶¶ 37-38, ECF No. 1.

Rule 9(b) provides that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The Ninth Circuit has stated, "While the factual circumstances of the fraud itself must be alleged with particularity, the state of mind--or scienter--of the defendants may be alleged generally." Odom v. Microsoft Corp., 486 F.3d 541, 554 (9th Cir. 2007) (citing In re GlenFed, Inc., Sec. Litig., 42 F.3d 1541, 1547 (9th Cir. 1994)).

As the subjects of the alleged misrepresentation (number of units printed, time periods of print run, geographic distribution, and type of media used) are not the stuff of accident, the court finds the allegations of Pearson's knowledge sufficient to satisfy Rule 9(b).

> 3. Pacific Stock Alleges That Pearson Contemplated Pacific Stock's Reliance On The Alleged Misrepresentations.

With respect to the third element (contemplation of Pacific Stock's reliance on misrepresentations), Pacific Stock alleges that Pearson knew that Pacific Stock would tie its licensing fees to the use Pearson described. The Complaint alleges,

> 39. Pearson knowingly and intentionally made false representations to Pacific Stock concerning the scope and duration of its intended use of Pacific Stock's licensed photographs in contemplation that Pacific Stock would rely upon its representations and sell licenses for the uses of the photographs for lower prices than if Pearson had

truthfully stated to Pacific Stock the scope
and duration of Pearson's intended uses of []
Pacific Stock's licensed photographs.

Compl. ¶ 39, ECF No. 1.

As with knowledge, intent may be alleged generally.

See Odom, 486 F.3d at 554; In re GlenFed, Inc., Sec. Litig., 42

F.3d at 1547.  Pacific Stock's general allegation that Pearson

knowingly made false representations to secure artificially low

licensing fees is adequate to assert an intent to defraud.

> 4.  For The Most Part, Pacific Stock Adequately
>     Alleges That It Detrimentally Relied On
>     Pearson's Statements.

Finally, with respect to the fourth element (Pacific

Stock's detrimental reliance on Pearson's statements), the court

rejects Pearson's suggestion that fraud damages may not duplicate

infringement damages.  See Motion at 17 n.4, ECF No. 11-1.

Pearson cites no controlling law on this point and offers no

reason the court should adopt the holding in Semerdjian v.

McDougal Littell, No. 07 Civ. 7496 (LMM), 2008 WL 110942

(S.D.N.Y. Jan 2, 2008).  Conversely, Pacific Stock alleges that

it was deprived of the additional income it would have received

had Pearson paid for licenses reflecting the true use of the

photographs.  See Compl. ¶¶ 21-23, 40-41, ECF No. 1.  Except with

respect to alleged misrepresentations as to the duration of

Pearson's use of photographs covered by licenses that had not

expired as of June 30, 2011, Pacific Stock has adequately alleged

detrimental reliance as to its fraud claim.

The court denies Pearson's motion to dismiss with respect to Pacific Stock's fraud claim, except to the extent the alleged fraud involves the duration of use of photographs covered by licenses that had not expired as of June 30, 2011.

### C.   Pacific Stock Sufficiently Articulates A Claim Of Fraudulent Concealment.

Pacific Stock's final cause of action is for Pearson's alleged fraudulent concealment of its use of Pacific Stock's copyrighted photographs even before obtaining licenses. Pearson moves to dismiss the claim on the ground that the fraudulent concealment claim does not meet the heightened pleading standard of Rule 9(b).

Fraudulent concealment is just a form of fraud. <u>See Tachibana v. Colo. Mountain Dev., Inc.</u>, No. 07-CV-00364, 2011 WL 1327113, *3 n.7 (D. Haw. Apr. 5, 2011) ("We interpret the reference to 'fraudulent concealment' as simply a means of clarifying for Defendants that the type of fraud alleged includes fraud by omission and concealment, and not just affirmative conduct."); <u>Sung v. Hamilton</u>, 710 F. Supp. 2d 1036, 1047 (D. Haw. 2010) (treating a fraudulent concealment claim as fraud based on alleged failures to disclose information); <u>Associated Eng'rs & Contractors, Inc. v. State</u>, 58 Haw. 187, 219-20, 567 P.2d 397, 418 (1977) ("Fraud in its generic sense, especially as the word is used in courts of equity, comprises all acts, omissions and

23

concealments involving a breach of legal or equitable duty and resulting in damage to another."). A claim for fraudulent concealment is therefore evaluated under the same four elements of fraud discussed above. <u>Sung</u>, 710 F. Supp. 2d at 1047.[4]

---

[4] The United States District Court for the District of Hawaii has stated, in the context of a fraudulent concealment claim,

> Under Hawaii law, liability for fraudulent non-disclosure is governed by the Restatement (Second) of Torts § 551. <u>See</u> <u>Elliot Megdal & Assocs. v. Hawaii Planing Mill, Ltd.</u>, 814 F. Supp. 898, 904 (D. Haw. 1993); <u>see also</u> <u>Matsuda [v. Wada]</u>, 101 F. Supp. 2d [1315,] 1324 [D. Haw. 1999] (citing Restatement (Second) of Torts § 551); <u>Molokoa Village Development Co., Ltd. v. Kauai Elec. Co., Ltd.</u>, 60 Haw. 582, 593 P.2d 375, 381 (1979) (citing the Restatement (Second) of Torts § 551). The Restatement (Second) of Torts § 551(1) provides:
>
> > One who fails to disclose to another a fact that he knows may justifiably induce the other to act or refrain from acting in a business transaction is subject to the same liability to the other as though he had represented the nonexistence of the matter that he has failed to disclose, if, but only if, he is under a duty to the other to exercise reasonable care to disclose the matter in question.
>
> <u>Id.</u> Also, although it has not been cited by any Hawaii court for the proposition, Restatement (Second) of Torts § 550 provides:
>
> > One party to a transaction who by concealment or other action intentionally prevents the other from acquiring material information is subject to the same liability to the

Pacific Stock alleges in its Complaint that Pearson concealed or misrepresented the nature of its use of the subject photographs:

> 48.   Pearson has intentionally concealed and continues to conceal its unauthorized uses of Pacific Stock's photographs to prevent Pacific Stock from discovering its unauthorized uses of Pacific Stock's photographs.

> 49.   Upon information and belief, in some instances, <u>after</u> Pearson already had printed a given publication, Pearson sought to obtain rights to cover its unauthorized and infringing use of Plaintiff[']s photographs, by seeking "reuse" licenses.

> 50.   Upon information and belief, Pearson characterized these requests for licenses as requests for future rights despite the fact that the publications already had been printed and distributed, and did not disclose to Plaintiff that it was seeking "retroactive" licenses.

> 51.   Upon information and belief, in these instances, Pearson intentionally concealed or misrepresented the critical information about the period of the license when communicating with Plaintiff in order to hide the fact that Pearson was already infringing Plaintiff's copyrights, and to create the false impression that Pearson's request for additional licensing rights was for prospective rights rather than for retroactive rights.

----

> other, for pecuniary loss as though he had stated the nonexistence of the matter that the other was thus prevented from discovering.

<u>Sung</u>, 710 F. Supp. 2d at 1047.

25

> 52. Upon information and belief,
> Pearson's attempt to surreptitiously obtain
> retroactive licenses demonstrates that it was
> and is aware that it had infringed
> Plaintiff[']s copyrights and was intending to
> cover up its infringements through
> fraudulently concealing the infringing past
> use.

Compl. ¶¶ 48-52, ECF No. 1.

For the reasons discussed in this order with respect to
the fraud claim, the court rules that Pacific Stock has
sufficiently alleged fraudulent concealment by articulating facts
supporting the four elements of fraud. See Hawaii's Thousand
Friends, 70 Haw. at 286, 768 P.2d at 1301.

Unlike the copyright infringement allegations in the
First Cause of Action and the fraud allegations in the Second
Cause of Action, the fraudulent concealment allegations in the
Third Cause of Action articulate how even licenses that had not
expired as of June 30, 2011, could have issued based on
misrepresentations as to Pearson's intended duration of use.
That is, the fraudulent concealment claim asserts that Pearson
sought licenses for photographs it was already using without
licenses.  For this reason, the court denies the motion to
dismiss the fraudulent concealment claim without excepting the
licenses that had not expired as of June 30, 2011.

V.        CONCLUSION.

The motion to dismiss the First Cause of Action
(copyright infringement) and the Second Cause of Action (fraud)

is GRANTED only with respect to infringement or fraud relating to the exceeding of the licensed duration of use of photographs covered by licenses that had not expired as of the filing of the Complaint.  In all other respects, the motion to dismiss the First and Second Causes of Action is DENIED.  The motion is DENIED with respect to the Third Cause of Action (fraudulent concealment).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 11, 2012.



 /s/ Susan Oki Mollway 
Susan Oki Mollway
Chief United States District Judge

Pacific Stock, Inc. v. Pearson Education, Inc., Civ. No. 11-00423 SOM/BMK; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS COMPLAINT

27