IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PACIFIC STOCK, INC., | ) | CIVIL NO. 11-00423 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PEARSON |
| | ) | EDUCATION, INC.'S MOTION FOR |
| vs. | ) | RECONSIDERATION |
| | ) | |
| PEARSON EDUCATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING PEARSON EDUCATION, INC.'S
MOTION FOR RECONSIDERATION**

I.      INTRODUCTION.

Defendant Pearson Education, Inc., seeks reconsideration of this court's order of February 26, 2013. Pearson asks that the order be changed in two respects.

First, Pearson requests that the court grant it summary judgment on Plaintiff Pacific Stock, Inc.'s claims of fraud and fraudulent inducement in connection with Pearson's alleged use of 151 images.  That request is denied.  Pacific Stock asserts a single claim of fraud and a single claim of fraudulent concealment.  As set forth in this court's order of February 26, 2013, Pacific Stock has submitted evidence supporting its fraud and fraudulent concealment claims sufficient to send the matter to trial, even if the claims relate to only some of the 151 images.  Pearson's preparation for trial would clearly be aided if Pacific Stock specifically detailed the scope of its fraud and

fraudulent inducement claims, and Pearson appears to be entitled to receive such detail in discovery.

Second, Pearson requests that this court reconsider its ruling regarding Pacific Stock's right to bring this action based on photographs taken by Doug Perrine and James Watt.  Pointing to Minden Pictures, Inc. v. Pearson Education, Inc., 2013 WL 812412 (N.D. Cal. Mar. 5, 2013), Pearson argues that Pacific Stock lacks standing to assert copyright claims.  Because Minden is distinguishable, and because Pacific Stock has demonstrated standing to assert copyright claims for pictures taken by Perrine and Watt, reconsideration of this part of the order is not warranted.

**II.     RECONSIDERATION STANDARD.**

A successful motion for reconsideration must accomplish two goals.  First, it must demonstrate some reason that the court should reconsider its prior decision.  See White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006).  Second, it must set forth facts or law of a strongly convincing nature that induces the court to reverse its prior decision.  Id.

Courts have established three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  Mustafa v. Clark Cnty. Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998).  The

2

District of Hawaii has implemented these standards in Local Rule 60.1, which governs motions for reconsideration of interlocutory orders such as the denial of a motion for summary judgment.  In relevant part, Local Rule 60.1 states:

> Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:
>
> (a)   Discovery of new material facts not previously available;
>
> (b)   Intervening change in law;
>
> (c)   Manifest error of law or fact.
>
> Motions asserted under Subsection (c) of this rule must be filed not more than fourteen (14) days after the court's written order is filed.

"Mere disagreement with a previous order is an insufficient basis for reconsideration." Comeaux v. State of Hawaii, Civ. No. 06-00341 SOM-BMK, 2007 WL 2300711, at *1 (D. Haw. Aug. 8, 2007) (citing Leong v. Hilton Hotels Corp., 689 F. Supp. 1572 (D. Haw. 1988)).  Furthermore, "reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision." Id. (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)).  "Whether or not to grant reconsideration is committed to the sound discretion of the court." White, 424 F. Supp. 2d at 1274 (citing Navajo Nation v. Confederated Tribes

& Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003)).

**III.     ANALYSIS.**

   **A.   Reconsideration of Pearson's Request for Summary Judgment As to the Fraud and Fraudulent Concealment Claims is Not Warranted.**

Pearson argues that this court erred in not adjudicating claims of fraud and fraudulent inducement with respect to each of 151 images. This court is not persuaded. This court reads the Complaint as asserting a single claim of fraud (Second Cause of Action) and a single claim of fraudulent concealment (Third Cause of Action). For such claims to proceed, it is not necessary that every fraud or fraudulent inducement be shown with respect to every image. Pearson moved for summary judgment on the ground that there was absolutely no evidence supporting any fraud or fraudulent concealment claim. The court rejected that argument, ruling that Pacific Stock had some evidence sufficient to allow it to proceed on those claims. See ECF No. 119 at 29-31.

As noted in the order, with respect to image 14, Pearson sent Pacific Stock a billing request on July 30, 2002, asking for a license to use the image in "Up to 40,000" copies of a textbook. See ECF No. 79, PageID # 1142. However, Pearson appears to have forecast in October of 2001 that it would print more than 55,000 copies of the textbook using image 14. See ECF

4

No. 100-2, PageID # 2054.  It appears that Pearson did, in fact, exceed 40,000 copies of that textbook.  See ECF No. 84-5, Page ID # 1589.  A trier of fact could rely on such evidence to find by clear and convincing evidence (1) that false representations were made by the defendant, (2) with knowledge of their falsity (or without knowledge of their truth or falsity), (3) in contemplation of the plaintiff's reliance upon them, and (4) that the plaintiff detrimentally relied on them.  See Hawaii's Thousand Friends v. Anderson, 70 Haw. 276, 286, 768 P.2d 1293, 1301 (1989).

   Having determined that Pacific Stock had raised triable issues with respect to the fraud and fraudulent concealment claims, the court was not compelled to examine each of the images at issue in this case to determine whether some sort of fraud claim could be based on each image.  Instead, the court stated, "The extent of the fraud that Pacific Stock will be able to prove at trial is unclear, but the court concludes that there are, at the very least, triable factual issues as to fraud."

   As conceded by Pacific Stock at the hearing, Pacific Stock lacked evidence supporting a fraud claim with respect to each of the images at issue in this case.  However, to the extent Pacific Stock intends to rely on any such evidence and is required to so inform Pearson as part of discovery, Pacific Stock certainly must do so, including by complying with its duty under

Rule 26(e) of the Federal Rules of Civil Procedure to supplement its discovery disclosures and/or responses.  Pacific Stock will not satisfy such an obligation by simply referring to Exhibit A of the Complaint.  Instead, any such obligation requires identification of the images and statements on which the fraud and fraudulent concealment claims are based and explanations as to why the statements were fraudulent.  Any failure by Pacific Stock to satisfy its Rule 26 obligations may limit what it is permitted to offer at trial as evidence of fraud and fraudulent inducement.

        **B.    Reconsideration of Pearson's Request for Summary Judgment As to the Claims of Perrine and Watts is Not Warranted.**

Citing <u>Minden Pictures, Inc. v. Pearson Education, Inc.</u>, 2013 WL 812412 (N.D. Cal. Mar. 5, 2013), Pearson repeats arguments already rejected by this court concerning the images taken by Perrine and Watts.  Pearson again challenges the copyright assignments for those images, ECF Nos. 76-16 and 76-17.  Pearson notes that the district court in <u>Minden</u> found substantially similar language to be ineffective to convey standing.  However, <u>Minden</u> is distinguishable.

In <u>Minden</u>, the stock photography company was caught asking its photographers to backdate some of the copyright assignments at issue in that case to "help insure against some nit picking judge from finding fault" with the agreements.

6

Minden, 2013 WL 812412, at *2.  The stock photography company submitted the declarations of three individuals involved with the scheme to backdate the assignments.  These declarations evinced an intent to make whatever assignments were necessary to pursue copyright infringement claims against Pearson.  Id. at *7.  The declarations did not show any intent to transfer legal ownership of any copyright to the stock photography company.  Instead, the court determined that the declarations' "objective was to create the mere appearance of standing in this lawsuit." Id.  The court assumed that the declarations were indicative of the intent behind all of the copyright assignments, see id., and determined that, when viewed as a whole, "the clear and unambiguous intent of the parties was to assign to Minden the bare right to sue," not actual co-ownership of any exclusive copyright right.  Id. at *6.

This court has before it language nearly identical to that in the copyright assignments at issue in Minden.  However, this court is not faced with any evidence contradicting the plain language of Perrine's assignment of "co-ownership" of copyright or Watt's assignment of "ownership" of copyright to Pacific Stock.  Nothing before this court suggests that these copyright assignments were executed for the sole purpose of establishing Pacific Stock's standing to assert copyright claims.  To the contrary, the evidence indicates that the assignments long

preceded any thought by Pacific Stock of asserting the present claims against Pearson.  Under these circumstances, Pearson's reliance on Minden is unpersuasive.

**IV.     CONCLUSION.**

As set forth above, the court denies Pearson's motion for reconsideration.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 30, 2013.



　　　　　　　　　　　　　　　　/s/ Susan Oki Mollway
　　　　　　　　　　　　　　　　Susan Oki Mollway
　　　　　　　　　　　　　　　　Chief United States District Judge

Pacific Stock, Inc. v. Pearson Education, Inc., Civ. No. 11-00423 SOM/BMK; ORDER DENYING PEARSON EDUCATION INC.'S MOTION FOR RECONSIDERATION